UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON NEWELL, | |
| Petitioner, | |
| v. | CAUSE NO. 1:24-CV-367-GSL-AZ |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Brandon Newell, a prisoner without a lawyer, filed a habeas petition to challenge his sentence for burglary and robbery under Case No. 27D01-1609-F2-15. Following a jury trial, on July 20, 2017, the Grant Superior Court sentenced him as a habitual offender to fifty years of incarceration.

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court of Appeals of Indiana summarized the evidence presented at trial:

> On September 24, 2016, Jesus Martinez was on his front porch with his two-year-old son when a person, later identified as Newell, approached him and asked him for a cigarette. After he provided Newell with a cigarette, Martinez turned around and saw that Newell "ha[d] my son and a pistol." Newell told Martinez to go in the house and said "he was gonna kill me and my son" if Martinez did not comply. After they entered the house, Newell struck Martinez in the head with the pistol and took his cell phone and wallet. Newell again threatened to kill Martinez and his son if Martinez did not give him more money. Eventually, Newell threw Martinez's son back to him, threatened to kill him if he called the police, took Martinez's bike off the front porch, and rode off. Martinez chased

> Newell in his car and Newell subsequently abandoned the bicycle and ran off on foot. Martinez saw a Chrysler 300 speed down the street, stop, and pick up Newell. Martinez chased this vehicle until Newell got out and ran behind a house. Martinez then returned home and eventually contacted police. Martinez later identified Newell from a photo array assembled by police.
>
> The State charged Newell with burglary, armed robbery, criminal confinement, unlawful possession of a firearm by a serious violent felon, intimidation, and battery by means of a deadly weapon. The State also alleged Newell was an habitual offender. A jury found him guilty of all charges and also found him to be an habitual offender.
>
> * * *
>
> The trial court sentenced Newell to thirty years executed for burglary enhanced by twenty years for the habitual offender finding, sixteen years for armed robbery, sixteen years for criminal confinement, twelve years for unlawful possession of a firearm by a serious violent felon, six years for intimidation, and six years for battery by means of a deadly weapon, all to be served concurrently with the burglary sentence for an aggregate sentence of fifty years.

ECF 4-5 at 2-4; *Newell v. State*, 97 N.E.3d 316 (Ind. Ct. App. 2018).

In the habeas petition, Newell asserted a single claim of ineffective assistance of appellate counsel as follows:

> The State voluntarily withdrew the critical evidence. The State must suffer the consequences. This Court should not ignore that the deputy prosecutor voluntarily removed the evidence even if the State did so in its brief.

ECF 1 at 3. He represents that he presented this claim in his petition to transfer to the Indiana Supreme Court on May 16, 2024. Though the claim presented in the habeas petition is difficult to parse, the petition to transfer provides some clarification. Specifically, in the petition to transfer, he asserted that appellate counsel failed to challenge the sufficiency of the evidence for the habitual offender enhancement on

2

direct appeal. He contended that the trial record lacked sufficient evidence to support a habitual offender enhancement because no official document demonstrated the date of commission for one of the prior convictions. He explained that a deputy prosecutor voluntarily removed the charging information from the official document exhibits before their admission. The court observes no procedural defects related to this claim and will consider its merits below.

In the traverse, Newell asserts numerous other grounds for habeas relief, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, insufficiency of the evidence, trial court error, and prosecutorial misconduct. Raising additional claims in this manner was improper. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition must specify all the grounds for relief available to the petitioner."); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) ("[A] traverse is not the proper pleading to raise additional grounds."). These claims are also conclusory and undeveloped. *See APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver."). Further, these claims are procedurally defaulted. *See Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) ("To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts."). Moreover, there is no indication in the record that conducting an evidentiary hearing or otherwise expanding the record to support these claims would be appropriate. *See Shoop v. Twyford,* 596 U.S. 811, 819 (2022) ("If a prisoner failed to develop the factual basis of a claim in State court proceedings. a

federal court may admit new evidence, but only in two quite limited situations. Either the claim must rely on a new and previously unavailable rule of constitutional law made retroactively applicable by this Court, or it must rely on a factual predicate that could not have been previously discovered through the exercise of due diligence.") (quoting 28 U.S.C. § 2254(e)(2)). Consequently, the court declines to further discuss the claims raised in the traverse with the exception of the sufficiency of the evidence claim, which is nested within the properly presented claim of ineffective assistance of appellate counsel.

## STANDARD OF REVIEW

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively

> unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 575 U.S. at 316. Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

## DISCUSSION

### Habitual Offender Enhancement

Newell argues that he is entitled to habeas relief because he received ineffective assistance of appellate counsel in connection with his habitual offender enhancement. He contends that the trial record lacked sufficient evidence to support a habitual offender enhancement because no official documents demonstrated the date of commission for one of the prior convictions. He explains that a deputy prosecutor voluntarily removed the charging information from the official document exhibits before their admission.

To prevail on an ineffective assistance of trial counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). There is "a strong

5

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693.

The performance of appellate counsel is assessed using the same standards applied to trial counsel under *Strickland. Mason v. Hanks*, 97 F.3d 887, 892 (7th Cir. 1996). "Effective advocacy does not require the appellate attorney to raise every non-frivolous issue under the sun, of course." *Id.* at 893. "But when appellate counsel omits (without legitimate strategic purpose) a significant and obvious issue, we will deem his performance and when that omitted issue may have resulted in a reversal of the conviction, or an order for a new trial, we will deem the lack of effective assistance prejudicial." *Id.* "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Under Indiana law, "[s]ufficiency-of-the-evidence arguments invoke a deferential standard of review, in which [the appellate courts] neither reweigh the evidence nor judge witness credibility, instead reserving those matters to the province of the jury." *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018). The Indiana appellate courts "consider all the evidence and reasonable inferences supporting the verdict and will

6

affirm the conviction if probative evidence supports each element of the crime beyond a reasonable doubt." The Indiana standard for assessing sufficiency of the evidence claims substantially resembles the federal standard. *See Jackson v. Virginia*, 443 U.S. 307, 319, (1979) ("[For sufficiency of the evidence claims,] the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

The statute under which Newell was charged as a habitual offender reads as follows:

> (b) A person convicted of murder or of a Level 1 through Level 4 felony is a habitual offender if the state proves beyond a reasonable doubt that:
>
>> (1) the person has been convicted of two (2) prior unrelated felonies; and
>>
>> (2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony.
>
> * * *
>
> (f) A person has accumulated two (2) or three (3) prior unrelated felony convictions for purposes of this section only if:
>
>> (1) the second prior unrelated felony conviction was committed after commission of and sentencing for the first prior unrelated felony conviction; [and]
>>
>> (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after commission of and sentencing for the second prior unrelated felony conviction;

Ind. Code § 35-50-2-8 (2016).

7

The prosecution charged Newell as a habitual offender relying on the following offenses:

> On or about May 2, 2002, in Miami Circuit Court, Peru, Miami County, Indiana, Brandon M. Newell was convicted of a felony crime in cause number 52C01-0201-FB-8, to-wit: Armed Robbery as a Class B Felony, which crime was committed on or about December 11, 2001;
>
> Further, on or about March 28, 2011, in Grant County Superior Court 1, Marion, Grant County, Indiana, Brandon M. Newell was convicted of a felony crime in cause number 27D01-1101-FB-13, to-wit: Robbery as a Class C Felony, which crime was committed on or about January 11, 2011.

ECF 5-15 at 142. Going forward, the court will refer to these prior convictions as the Class B felony and the Class C felony.

The jury trial was separated into three phases, and the final phase focused on the habitual offender enhancement. ECF 5-3 at 232-44. The prosecution presented various documents to establish the fact of these prior convictions and offered the charging information for the Class B felony to establish the date of commission for that offense. ECF 5-6 at 25-69. However, the prosecution did not present the charging information for the Class C felony or any other document establishing a date of commission. In the final trial phase, Newell testified as follows:

> **Trial Counsel:** This other one, it's more recent. It's here in Grant County. Filed November 2011?
>
> **Newell:** Right.
>
> **Trial Counsel:** Convicted of robbery?
>
> **Newell:** Right.
>
> **Trial Counsel:** You pled guilty to that one. Is that correct?

8

**Newell:** Yes.

**Trial Counsel:** Okay. And you took responsibility for it?

**Newell:** Yes.

**Trial Counsel:** Uh, however, what are the circumstances of that, why'd you plead guilty?

**Newell:** When I had came home from doin' the eight and a half for the bank robbery when I was sixteen, and I hadn't seen my little cousin in a while, and he was fond of me, I guess. I guess he thought that I was his role model. I guess he thought that was cute, my reputation, my way of life. So he got hisself in a situation, and I got him outta it.

ECF 5-3 at 236-37. The jury found that Newell was a habitual offender, and, as a result, the trial court enhanced Newell's sentence by twenty years. *Id.* at 243-44; ECF 5-4 at 101-04.

At the post-conviction stage, appellate counsel testified that he did not challenge the sufficiency of the evidence on the habitual offender enhancement because he "didn't catch the issue at the time of writing the appeal." ECF 5-10 at 7-9. On appeal, the Indiana Court of Appeals rejected the claim of appellate counsel error, finding no deficient performance or prejudice. ECF 4-12. The appellate court reasoned that, while proving the date of commission through official records "might be the best practice," Newell's testimony regarding the date of commission for the Class C felony adequately established that it was unrelated to the underlying offenses and the Class B felony. *Id.*

After reviewing the record, the court cannot conclude that the State court made an unreasonable determination on the ineffective assistance of appellate counsel claim. To start, Newell's testimony squarely demonstrates that the Class C felony is unrelated

9

to the Class B felony by establishing that the Class C felony occurred at least eight and a half years after the Class B felony. Similarly, comparing the conviction date of the Class C felony to the date of commission for the underlying offenses demonstrates that the Class C felony is unrelated to the underlying offenses. Applying the State standard for sufficiency of the evidence, the court finds that the trial record adequately demonstrates the prior and unrelated felonies upon which the habitual offender enhancement relies, and the State court did not err in finding no deficient performance or prejudice by appellate counsel.

To the extent that Newell contends that proof of the date of commission through official records is required, the court finds no basis for this proposition in federal law. The evidence presented at trial also satisfies the similar sufficiency of the evidence test set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This purported proof requirement is more akin to State evidentiary rule, and "[w]here the state court has ruled that . . . counsel was not ineffective because a state law argument would have failed, that state law ruling is unassailable on habeas, even if it is couched as an ineffective assistance of counsel claim." *Rogers v. Wells*, 96 F.4th 1006, 1012 (7th Cir. 2024). In other words, Newell cannot relitigate whether Indiana law requires a certain type of proof for dates of commission here.

Moreover, even if an evidentiary error occurred, it would not have amounted to a constitutional violation. "To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial." *Hoglund v. Neal*, 959 F.3d 819, 838 (7th Cir. 2020). "This is

10

when the error produced a significant likelihood that an innocent person has been convicted." *Id.* The jury verdict's reliance on Newell's testimony in lieu of official records to establish an element of the offense that was within his personal knowledge does not undermine the court's confidence in the jury verdict. Therefore, the claim that appellate counsel failed to challenge the habitual offender enhancement is not a basis for habeas relief.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Newell to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on March 13, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT